# NEW YORK COMMON PLEAS.

## TAGGARD, appellant, agt. ROOSEVELT, respondent.

A parol agreement for renting real estate, made for one year, to commence at a future period, is not void under the provisions of the Revised Statutes, respecting fraudulent conveyances, &c.

Where possession is taken under a parol lease, void by the statute, it enures as a tenancy from year to year, and can not be terminated by either party, except at the end of the year.

A parol agreement for one year, to commence in future, is not void under the provisions of the Revised Statutes, declaring certain contracts void which are not performed within a year from the making thereof.

*General Term, May* 1853—*Present,* INGRAHAM, *First Judge, and Judges* DALY and WOODRUFF. This action was brought to recover $100 for the rent of an office in a building in the city of New York, pursuant to a lease thereof. The defendant in his answer denied the plaintiff's allegations, and denied any use or occupation of the premises.

The case was referred to a sole referee by consent, who reported in favor of the plaintiff $47·35, being the real sum for the period which the defendant actually occupied the premises, and finding the letting void as to the residue of the year, because the lease was by parol for one year and was to commence in future

Upon the hearing before the referee it appeared that the defendant hired the office from the plaintiff in March 1851, for one year from 1st May 1851 to 1st May 1852; that the agreement was not in writing; that the defendant actually occupied the premises from the early part of May 1851 to July 1851, and not afterwards. The plaintiff appealed to the general term.

TAGGARD, *Plaintiff, in person.* POTTER, *of Counsel.*

ROOSEVELT, *in person.* BRYAN, *of Counsel.*

INGRAHAM, First Judge.—The question in this case is whether or not a parol lease for an interest in lands made previous to the 1st of May, to commence on that day and to continue for one year is valid. The Revised Statutes (2 *R. S.* 135, § 6) provide, that no estate or interest in lands other than leases for a term

not exceeding one year, should be created except by writing. Before the statute was altered, leases not exceeding the term of three years *from the making thereof* were valid. The statute was altered by leaving out the words *"from the making thereof,"* and substituting one year as the term instead of three years. I should not hesitate as to the proper meaning of this section were it not that the general term of the Supreme Court have expressly decided that such a lease is void (7 *Barb. S. C. Rep.* 191). This is the first and only decision that has come to my knowledge on this point, and the consequences to flow from it in this city at least, if the law is rightly construed, would render void a large portion of the agreements under which the houses of this city are occupied; a very large portion of such contracts being merely in parol. Heretofore the statute has been express in fixing the term to be three years from the making of the lease, where certain rents were reserved; and the alteration being such as to render valid only leases for a term not exceeding one year, evidently shows that the legislature intended materially to alter this provision. They altered it in the term reducing it to one year; 2d, in omitting the provision as to the extent of the rent reserved; and 3d, in striking out that provision which made the term to run from the time of making the lease instead of from the time of possession.

There can be no good reason for saying the legislature did not intend to make the alteration lastly referred to, and that they did intend to make the other two. They struck out the provision as to rent and also the provision as to commencing the term from the making of the lease. It appears to me that force and effect should be given to both alterations. In such a case the ordinary fair reading of the section would be, that a lease for a term not exceeding one year would be a lease for a term in which the tenant would be entitled to the possession for one year. No one construing such a lease would say to the tenant, your lease is for a term longer than one year, although you can only occupy from April to April, and are only bound to pay rent for that period. The term of a tenant under a lease is the period during which he is entitled to the possession and liable to the payment of rent. I know it is a well established rule that an alteration of the

Taggard agt. Roosevelt.

phraseology of a statute in a revision of it, does not necessarily alter the construction, and that the intent of the legislature to alter the law must be evident to render a different construction proper. But I do not understand that rule as applicable to the construction of a statute which it is conceded has been materially altered in several important particulars embraced within the provisions under consideration, but only where the phraseology is altered without any intended alteration of its provisions. Where such material alterations have been made, a new construction becomes necessary, consistent with the new provisions of the statute. If a lease by parol for one year, to commence in future, is void, then no lease can be made by parol for that term unless the tenant takes possession at the very moment of making the agreement. This in most cases would be an impossibility, and the consequence would follow, that all such leases or agreements for one year must be in writing.

It is well known that in the city of New York, the far greater proportion of contracts of this kind are mere parol agreements, and have since the passage of the Revised Statutes been continually enforced by the courts of justice as valid and binding contracts. I should hesitate after such a course upon the part of the courts for a period of thirty years, to adopt the conclusion that such contracts were void, unless the necessity of such a decision was very apparent. Some light may be thrown on the intent of the legislature by referring to the 8th section of the same title, which declares that contracts for leasing for a longer period than one year should be void unless in writing. This shows the meaning of the legislature to be the term of the lease and not the making of the contract, as the time from which the period is to be computed; and it would hardly be presumable that it was intended to declare a contract to give a lease for a year valid, while the lease itself, if actually made by parol for the same term, should be void.

There is also another view of the question under examination which would entitle the plaintiff to recover. The defendant in this case went into possession of the premises on or about the 1st May 1851, and then commenced his occupation of them. If there was no valid agreement previously for the lease which

could be enforced, still the possession taken under such an agree
ment, with the consent of the landlord, would enure as a tenancy
for a year.  The agreement would control the amount of ren'
and other matters except the term and may be referred to for tha'
purpose in an action for use and occupation.  The acts of both
parties, one in taking possession and the other in giving it, are
sufficient to warrant the presumption that a tenancy was then
agreed on for the year.  Under the law as it formerly existed as
to parol leases for a longer term than three years from the
making of them, both in England and in this country, it has been
held that a possession of land taken under such agreements,
though they were void by the statute of frauds, became valid as ·
a demise from year to year and can not be terminated before the
year expires, either by the landlord or tenant (1 *Cruise's Digest*,
248; 2 *Term R.* 159; 5 *Term R.* 571; 8 *T. R.* 3; 2 *Salk. R.*
413 *n.*).  In Schuyler vs. Leggett, 2 *Cow.* 660, Ch. J. SAVAGE
repeated the same doctrine, deciding that if the occupation was
under a void lease, it enured as a tenancy from year to year, and
that the parol agreement must regulate the terms of the hiring
in other respects than its duration; and in the People vs. Rickert
(8 *Cow.* 230), it was likewise held that although a parol lease
for three years was void by the statute as to its duration for the
whole term, still it was valid for one year; that the tenancy
became one from year to year and that the lessor could only put
an end to it at the termination of the year by the proper notice.
That not having done so at the end of the first year, he could not
resume the possession of the premises until the end of the second
year (see also Edwards vs. Clemons, 24 *Wend.* 480; Schieffelin
vs. Carpenter, 15 *id.* 405; Smith vs. Irwin, 2 *Barb. S. C. Rep.*
180).  These cases all establish the principle, that possession
under a parol lease void by the statute of frauds, operates to create
a valid lease for one year which can not be terminated by either
party before the year has expired.

The alteration of the provisions of the statute above referred
to, even if it made the original parol agreement void, would not
alter or affect this rule.  If under it the parties go on and carry
out its provisions, then the tenancy for the year becomes binding
and neither party can. terminate it sooner.  I may also refer to

Taggard agt. Roosevelt.

the provisions of the Revised Statutes in relation to the duration of agreements in this city (1 *R. S.* 744), which enact that agreements for the occupation of lands in the city of New York, that shall not specify the duration of such occupancy, shall be deemed valid until the 1st day of May next after the possession shall commence. Admitting the parol lease to be void, then the implied agreement of the parties in giving and taking possession of the premises would not designate the duration of the term, and this statute would designate its termination to be on the 1st of May ensuing. If so, the tenant could not relieve himself from the obligation to pay the rent for any portion of the term prior to the 1st of May by removing from the premises, any more than the landlord could remove him before that time.

It was also urged upon the argument that by the provision of the statute (2 *R. S.* 135, § 2), such a lease is void because it was not to be performed within one year from the making of it. In the case of Croswell vs. Crane, 7 *Barb. S. C. Rep.* 191, before referred to, this question was also raised; but the court did not deem it necessary to the decision of that case to express an opinion upon it. The learned judge who delivered the opinion in that case, intimated that he thought the contract was within the prohibition. By referring to the heading of the title in which that section is contained it will be seen that it relates only to goods, chattels and things in action, and is not applicable to an interest in real estate. Besides, if the lease by parol for one year is valid, then such a provision would not affect it. The whole statute must be read together so as to sustain what is declared valid in one part even if a strict construction of the other might otherwise affect its validity

When parol leases for three years were valid, this same provision was in force and was not considered as applicable to such leases, and there can be no reason now for applying it to leases for one year.

My conclusions are that the referee erred in his report. The same must be set aside, and the case sent back to him with directions to open the case, receive such other testimony as may be offered by either party, and report thereon anew.