## SUPERIOR COURT.

Williams, respondent, agt. Christie and others, appellants.

Where a *written contract* to sell and convey real estate was drawn by the widow and her two married daughters, together with the respective husbands of the latter as parties of the first part, and P. H. W., party of the second part, who paid a portion of the consideration down,—signed, sealed, and delivered by all the parties individually, except the *two married daughters*, in whom was the *fee* of the property as tenants in common, subject to the widow's right of dower?

*Held*, in an action by P. H. W. for performance of the contract, and for a deed of the premises, that there was nothing on the face of the agreement which intimated that the husbands were agents, or assumed to act as agents for their wives in signing the contract. And it was settled, that every written contract made by an agent, in order to be binding upon the principal, must purport on its face to be made by the principal, and must be executed in his name, and not in the name of his agent.

It could not be shown by *parol* that an alleged agent, in signing his own name to a contract, in fact signed as *agent*.

In this case all the parties of the first part to the written contract, including the two married women, had, previous to the commencement of this action, joined in making, executing, and acknowledging a warranty deed to P. H. W. of the premises, and by their agent tendered it to him, with a request to perform certain conditions on his part, which at the time was refused by P. H. W., for cause stated. Whereupon a conveyance, on the same day, was made, executed, delivered, and recorded, between the same parties of the first part to third persons, two of the defendants, of the same premises.

*Held*, that the deed to the plaintiff was executed to be *specially tendered*, and was specially tendered; that the married women not being bound by the contract, it was competent for them to tender a conveyance upon any terms; and such tender being unaccepted by the plaintiff, no new rights were conferred upon him; and it did not, in law or equity, divest or impair the title of the married women, or their power of subsequent disposition.

Present, Oakley, Ch. J., Duer, and Bosworth, JJ.

*General Term, June*, 1854.—The complaint in this action is filed for the purpose of carrying into effect an agreement for the purchase of certain real property in the city of New-York, dated 29th Nov. 1850. The alleged contract is in writing, and purports to be made between Jane Christie, (entitled to dower in the lands,) Stephen L. Preston, and Margaret Ann his wife, Levi H. Truex and Mary Jane his wife, of the first part, and

the plaintiff of the second part. The price was $5,000, of which $100 was paid down; $1,500 was to be paid on the 1st of January, 1851, and the balance, $3,400, to be secured by the bond and mortgage of the purchaser, payable in three years. A full covenant warranty deed was to be given, free from incumbrance. The vendors were to pay an assessment for a sewer on the Ninth avenue. The agreement is subscribed only by Jane Christie, Stephen L. Preston, L. H. Truex, and the plaintiff. The fee of the property was in the wives of Preston and Truex, viz., Margaret Ann and Mary Jane. On the 10th of January, 1851, a further sum of $100 was paid to the defendant, Levi H. Truex, in the presence and with the consent of the defendant, Stephen L. Preston. On the 20th of January, 1851, a deed was executed by the husbands and wives and tendered to the plaintiff, with a demand made for immediate payment of the balance of the purchase money, payable in cash, and execution of the mortgage; a delay of fifteen minutes, to see his agent or lawyer, was requested and refused. This occurred about nine o'clock on the morning of the 20th of January; by ten o'clock the tendered deed was destroyed, and a full deed of the premises, executed by all the parties, was delivered to the defendants, Gridley and Jennings, which was recorded by twelve o'clock.

On the morning of the 21st of January the plaintiff made a tender of the money and mortgage, and demanded a deed. At the time of the tender to the plaintiff on the 20th of January there was an outstanding mortgage upon the premises, and certain taxes were unpaid.

The complaint seeks to set aside the deed of Jennings and Gridley, and a conveyance of the property to the plaintiff by all proper parties, to make him a title.

The cause was tried before Hon. MURRAY HOFFMAN without a jury, and his decision was rendered on the 17th of May, 1854, by which he declared and adjudged, that the contract in the pleadings mentioned ought to have been performed according to the prayer of the complaint. That the defendants, Jennings and Gridley, took the conveyance of the property with full

notice of the rights of the plaintiff, and became, under the circumstances, his trustees. The judgment then proceeded to specify the terms of a conveyance of the property to the plaintiff. On pronouncing the decision, Judge Hoffman gave his reasons as follows :—

"It is clear, that the original agreement of 29th November, 1850, was not binding upon the wives of Preston and Truex, in whom the fee of the property was vested. On the assumption that the empowering statutes of 1848 and 1849 (*ch.* 200, § 1, and *ch.* 371, § 1) do not apply to these married women, then clearly they could not have bound themselves by a covenant to convey. (2 *Kent Com.* 168.) On the assumption that said statutes *do* apply, then a contract made by a married woman to bind her to convey land must be made in the same manner and with the like solemnities as if she were single. The instrument in question purports to be made by the wives as well as by the husbands, but it is signed by the husbands only—is signed in their own name merely, and is not signed by them as agents of the wives, or in any form whatever is it indicated that they executed on behalf of their wives. While parol testimony, to establish an agency, under the 8th and 9th sections of the statute, (2 *R. S.* 194,) is admissible, it is fully established that there must be either a subscription of the agent to the writing, or that on some part of it the fact and character of agency must appear. (Manchester agt. McMahony, 10 *Paige,* 393; Davis agt. Shields, 26 *Wend.* 341; Coles agt. Brown, 10 *Paige,* 537.)

"Again, the evidence of any authority to sign as agent is entirely deficient. The complaint alleges, that the contract was executed by the defendant Preston, in presence of his said wife, and with her authority and consent in his own behalf, and as her agent, with a similar allegation as to the defendant Truex and his wife. The answer admits, that the same was executed by a part only of the parties of the first part, viz., 'by Jane Christie, Stephen L. Preston, and Levi H. Truex, but not by said Margaret Ann Preston, nor by the said Mary Jane Truex; and defendants therefore insist that the same, not having been exe-

cuted by all the parties thereto, it was, and is, an inchoate instrument only; and they therefore deny that there was any agreement entered into.' I am of opinion that this is a denial of an execution, as well by an authorized agent as by themselves. There was, therefore, no contract of sale whatever binding on these women, the actual owners. This leads to the consideration of the next point raised by the plaintiff, viz., as to the effect of the deed executed by the wives, and tendered to the plaintiff, as intimated at the trial, (a suggestion confirmed upon reflection.) I consider that, in this respect, the operation of the statutes of 1848 and 1849 is important. One of these ladies was married before, and one after the law of 1848. The first section of the statute of 1848 applies to the latter, and the second section to the former case. They vary but slightly in their language, and they adopt as a general rule of law, applicable to any estate vested in a married woman, the rule of a court of chancery, applicable to a purely technical equitable estate vested in her. As to the second section, relating to property of a woman married at the passage of the act, it has been so far held illegal as to prevent its abridging the marital right of a husband acquired by the contract of marriage ; but I believe no decision has gone further. Then subservient to the husband's rights, in this instance, a married woman is endued with the same power over her property, of any description, as if she were single. The language is very strong. The estate, in one case, is to *continue* her sole and separate property, as if she were a single female ; in the other case, it is *to be* her sole and separate property, as if she were a single female. Vested, then, with these full powers, she is, consequently, divested of any protection from her common law disability; and it has, therefore, occurred to me that the statute has bestowed a fatal dowry upon married women. But as it stands, the wife must now be treated, in relation to her estate, precisely as an absolute owner, competent to deal with it in every way in which other owners may deal with it, and liable to every obligation which others could assume to be established in the same manner against her. The result is, that in the

Williams agt. Christie and others.

present case, these married defendants could have ratified the agreement for a sale to the plaintiff, or made any new agreement, precisely as any other owner could have done. Then, with a full knowledge of the agreement with the plaintiff, with the express recognition of that agreement as subsisting— a recognition involved in the very attempt to annul it—they proceed to execute a deed to him, acknowledged it, and direct a tender. They unite in a scheme to defeat his rights, which it would have been absurd for the husbands themselves to have attempted. I consider that, by their acts, they made the contract their own; that they executed the deed in reference to it, and subjected themselves to its terms and conditions. As to these conditions, one word will suffice. The plaintiff has shown himself ready, and even eager to fulfil his obligation, and the defendants earnest to delay the performance. The plaintiff was not bound to accept the deed, when the mortgage and taxes were unpaid. Had these owners directed notice to be given of their intentions to unite in the sale, and to perform what the agreement required the vendors to do, and fixed a time for completion of the purchase, they would have done their legal duty under the contract. Had they utterly repudiated the contract, no power could have compelled them to perform it.

" It was urged, on the hearing, that a married woman could not, even since the statute of 1848, affect her real estate, unless she acknowledged the instrument privately and apart from her husband. The case of the Albany Insurance Company agt. Bay (4 *Comstock, Rep.* 1) was adverted to. That case settled, in opposition to the practice of every lawyer, that a deed of lands might be executed by a married woman, without the concurrence of her husband; but such deed must be acknowledged by her upon a private examination. This is the actual point decided, and it was before the act of 1848. Counsel insisted that such a private examination, since the act of 1848, is still necessary. It is not absolutely essential to decide this question now in the view I take of the case. Again, the rules of courts of equity, in cases of the separate estate of married women, have

been adverted to, and undoubtedly the attention of judges in applying the statute will be turned to these rules. The English cases have resulted in this, that the married woman cannot be proceeded against *in personam*—that she cannot be compelled to execute a contract to make a charge, but her estate is to be executed through two trustees, if any, by a charge, or what is treated as such; and at last it has been held that the contracting of a debt relating to the separate estate for its benefit is sufficient. (Oylett agt. Ashton, 1 *Mylne and Craig*, 111, and cases. See series of cases in 7 *Johnson*, 192.) The mode of redress which I am prepared to give, supersedes the necessity of passing on these important points. The relief I propose to give, is by considering the deed to the plaintiff as improperly destroyed, and that the other defendants, having full notice of all the rights of the plaintiff, became under the deed to them his trustees, and are entitled to a conveyance with covenants against their own acts.

" I prefer testing the decision on the ground stated, because the decision in the case in Connecticut, on which counsel so greatly relies, requires much consideration, before it is fully acquiesced in. It, perhaps, involves the principle that a wife, the true owner of an estate, may not disregard an agreement made by a stranger, (for the husband is really such,) and sell her property to another. The plaintiff is entitled to a judgment to be prepared, and settled on notice before me of three days."

From this decision the defendants excepted, and appealed to the general term.

> JOHN ANTHON, *for defendants.*
> D. DUDLEY FIELD, *for plaintiff.*

By the court—BOSWORTH, Justice. The only written agreement for the sale and conveyance to the plaintiff of the real estate in question, that has been proved, or alledged to have been signed was not signed either by the wife of Preston or Truex. Each of these two defendants pleads the statute of frauds, in bar of all relief sought against her. The signatures

of the husbands of Mrs. Preston and Mrs. Truex do not purport to have been made in behalf of, or as agents of their wives. There is nothing on the face of the agreement which intimates that they were agents, or that they assumed to act as agents for their wives in signing it.

We consider the doctrine well settled, that every written contract made by an agent, in order to be binding upon his principal, must purport on its face to be made by the principal, and must be executed in his name, and not in the name of his agent. (Evans agt. Wells, 22 *Wend.* 324.)

It cannot be shown by parol that the alledged agent, in signing his own name to the contract, in fact signed as agent, and thus convert a contract which on its face is his own into a contract of his alledged principal, and make it enforceable as such. This would be altering the plain meaning and clear legal import of written contracts, by unwritten evidence, which is inadmissible.

Irrespective of the consequences of executing, acknowledging, and tendering the deed to the plaintiff, there is clearly no right shown to any relief against the wives of Preston and Truex. In this view, we understand the judge, whose judgment is appealed from, to have concurred. He says, "had they utterly repudiated the contract, no power could have compelled them to perform it."

The deed was executed to be specially tendered. It was specially tendered. It was never unconditionally delivered by the married women to any one. It never passed from the hands of their agent to make, and who made the tender. Not being bound by the contract, it was competent for them to tender a conveyance upon any terms, and encumbered by any conditions that they might be pleased to annex to it. Such a tender unaccepted did not in law or equity divest or impair their title or power of subsequent dispositiom. An unaccepted tender conferred no new rights upon the plaintiff.

But it is urged that the wives having actually conveyed to Jennings and Gridley, the latter cannot protect themselves in their purchase, by the objection that their vendors were under

NEW-YORK PRACTICE REPORTS. 19

no obligation, legal or equitable, to convey to the plaintiff.

It is certainly an extraordinary proposition, that a woman, whether married or unmarried, who is under no obligation to convey her lands to the plaintiff, cannot make a sale and conveyance to a third person valid, both at law and in equity against the plaintiff. If the plaintiff has no claims under the contract of the 29th of November, 1850, against the wives of Preston and Truex, if their interest and estate in the lands are in no way affected by it, it is absurd to say that no subsequent grantee of theirs can hold the lands against the plaintiff, so long as it is conceded that the plaintiff had no claims, legal or equitable, to a conveyance from the wives of Preston and Truex at the time they conveyed to Jennings and Gridley; it must also be conceded that such conveyance did not create any equities or rights which would not have existed had that conveyance not been made.

The judgment appealed from should be reversed, and the complaint dismissed as to the wives of Preston and Truex, and the defendants Jennings and Gridley, but without costs to either party. A new trial should be ordered as to the other defendants, to enable the plaintiff to recover such damages as he may show himself entitled to. From some or all of them he is entitled to recover the money paid on account of the contract price. Whether he is entitled to anything in addition, it would be premature to attempt to decide now.