By the Court. Bosworth, J.—
This action should not have been concluded, at the trial, by taking a verdict on the whole evidence, for the plaintiff, subject to the opinion of the Court at General Term, unless there are no material portions of it which conflict with each other, and the whole leaves no doubt, as to the facts established by it.
But, having heard the cause argued at length, on the case made, we shall proceed to dispose of it, in accordance with our views of the effect of the evidence given at the trial:—
It is obvious that Tripler was not a member of the firm of William Burger & Co., either as between himself and the persons composing it, or as to third persons.
It is not pretended that he held the relations, or had the rights of a partner, except as to the department of that firms’ business, called the “ Spanish Business.”
*192 And his interest in that department was limited to such business as he “ might introduce and procure to the said firm."
There is no just ground for pretending, that he was held out to the world, as having, or was supposed by the defendants, to have any interest, in any part of the business of that department, or to be a partner in the firm of William Barger & Co.
It is clear, that the money borrowed was not applied to the use of the firm of William Burger & Co. There is no evidence that an application for the loan was made in the name of that firm, or that the defendants supposed, at the time, that it was solicited in behalf of that firm, or for its benefit.
The check lent was not produced at the trial, so as to show that it was not drawn to the order of Tripler. The charge, in the account rendered, is, in terms, “ our loan to Mr. Tripler."
The terms of this charge do not import a loan to the firm, or on its credit.
It is undoubtedly true, that if money is borrowed by one partner, in the name of the firm, in a manner and under circumstances justifying the lender in trusting to its credit, the firm will be liable, although the borrowing partner may apply it to his own use.
So when he borrows, without disclosing whether he borrows on his own account or that of the firm, and applies it to the use of the firm.
But when he borrows, without applying for the loan either in the name of the firm, or for its use, and applies the money to his individual purposes, and the loan is made by a check of the lender, and there is no proof that such check was not payable to the order of the borrowing partner, and there is no evidence that the loan was, at the time, charged to the firm, and the account, when rendered, describes that transaction as a loan to the person borrowing, the conclusion that the loan was solicited for the firm or made on its credit, is not warranted by such facts alone. (Jacques v. Marquand, 6 Cowen, 497; Church v. Sparrow & Goodsell., 5 Wend. 223; Whitaker v. Brown, 16 Wend. 505; Miller, et al. v. Manice, 6 Hill, 114, 119; Parsons on Mer. Law, 178 and 179, and note 7.)
If the question were to be submitted to a jury whether the money was borrowed in the name of the firm, or loaned by the *193 defendants in an honest belief that it was desired for the firm’s use, it would be their duty, on the evidence before us, to find that it was not.
Tripler’s answer to the 13th cross-interrogatory is not very full. He was asked, “ whether the said loan was not made by you, from the defendants, on your own account, and for your own individual use and purposes,” etc. He answers, “ I have already stated that the amount was received by me in the form of a check, and the same applied to my own use.”
To the fourth direct interrogatory, he says, “ I do not think there was any particular mention made on whose account the money was loaned,” and in answer to the 22d cross-interrogatory, he says, “ I never gave to Messrs. Lobach & Schepeler any instructions, nor did they ever ask me for any, as to whom the money received by me, at this time, was to be charged."
He says the Spanish cloak was ordered by him in the winter of 1849. It is charged in the account rendered, under the date of September, 16th, 1850.
No presumption can be indulged that a cloak, ordered by a person, who was only known to be employed by a firm, and not known to be interested as a partner in any of its business, and who, in fact, on the most unfavorable view for the plaintiffs, was interested as such in a part of it only, bought it for the firm, or that it was sold on its credit.
The fact, that the defendants had dealings with Tripler, which must be presumed, on the evidence before us, to have been understood to have been had with him, individually, and on his personal credit alone, does not add to the strength of the defendants’ claim, as presented by the other evidence, to have the lent money treated as a loan to the firm of Wm. Burger & Co.
We think the two disputed items of debit must be rejected; and as the $600, credited on the 8th of June, was a part of the transaction, out of which the loan arose, that it should be allowed as a credit against the loan.. The difference between that item of credit and the aggregate of the two disputed items, being $642.40 Should be added to the balance of the account, as rendered, ........ 300.20
$942.60
And the plaintiff should have judgment, for *194 and interest, unless the account, as rendered, is to be deemed a stated account, so as to conclude the parties, from questioning its accuracy.
There is no pretence for saying, that Wm. Burger & Co. gave any actual assent to the correctness of the account rendered. It is sought to conclude them, and the plaintiff, as their assignee, by the account, as if it had been actually settled and agreed to, on the ground, that Wm. Burger & Co. kept it, during a reasonable time, to examine it and object to it, and suffered such reasonable time to elapse, without making any objection to its accuracy. In Lockwood v. Thorne, (1 Kern. 170,) the plaintiffs, after receiving from the defendants an account, showing a balance due to the former, immediately drew for the amount of such balance, which was paid. Ho objection was made to the correctness of the account, until that action was brought, a period of about nine months. In Toland v. Sprague, (12 Peters, 300-334,) the party to. whom the account was rendered, showing a balance in his favor, demanded such balance.
In the case before us, there was no act of Wm. Burger & Co., directly or indirectly, affirming the correctness of the account.
On the contrary, as early as in the following March, and subsequently, as late as in the subsequent August, they disputed the accuracy of the account. There can be no pretence, that Wm. Burger & Co. had either ordered, or enjoyed the benefit of, either of those items. And, as we view the evidence, the conclusion is inadmissible, that the defendants believed, at the time, that either of them was furnished to that firm, or that they parted with either of them on its credit. The defendants did not claim, when objection was made to the accuracy of the accounts, that it was too late to take that ground, or that the account was to be treated as a stated and settled account; but, on the contrary, requested that it might be allowed to stand as it was, until the return of Tripler from Europe.
Under such circumstances, we do not think that Wm. Burger & Co. can be held, to have acquiesced in the account, so as to be bound by it, as a stated and settled account.
A supplemental point was made, during the argument, that the action would not lie, because no demand of payment, prior to the commencement of the suit, was alleged or proved. The com *195 plaint states that the defendants had received the moneys sought to be recovered, and that they were due and owing from the defendants, and that a payment of some moneys, on account, had been made, and claims the balance. Under the issues made, proof of such a demand, if deemed material, would have been admitted.'
The evidence of Russell, as to the interviews with the defendants, in respect to the account in question, and as to the payment, by the defendants, at the last interview, of the balance due to Burger & Co., on another account, and the defendants’ request that the account in question might “stand over as it was until they could see Mr. Triplet,” are sufficient evidence of a demand, when it is considered that the objection, that a demand of payment had not been made before suit brought, was not taken at the trial.
It is quite obvious, as we think, that the trial was conducted on the theory, that the only question was, whether the defendants should be allowed the two disputed items, as charges justly made against the firm of Wm. Burger & Co. And it is equally clear, that if the objection, now raised, had been started at the trial, Russell might have proved that he insisted the defendants should pay the balance which would be due, on striking out these items.
We think the plaintiff should have judgment on the verdict for $942.60, with interest from the 31st of March, 1851.
Judgment accordingly.