The complaint cannot be sustained; first, because the plaintiffs have not complied with the provisions of the section of the Code (§ 238), which authorizes the plaintiffs to commence an action; and second, if they did comply with it, the complaint does not state a sufficient cause to sustain an action of this nature.

There should be judgment for the defendants on the demurrer, with costs.

INGRAHAM, P. J., and PECKHAM, J., concurred.

Order reversed.　.

---

## PURCHASE *a.* MATTISON.

*Court of Appeals ; September Term*, 1862.

MISTRIAL.—VERDICT SUBJECT TO OPINION OF GENERAL TERM.— EXCEPTIONS.—FINDINGS OF FACT.

It is a mistrial to direct a verdict subject to the opinion of the court at general term, where exceptions have been taken in the course of the trial upon any questions of evidence, or where the facts upon which the questions of law arise are controverted.

Such error is not cured by the failure of the unsuccessful party to object to this disposition of the cause.

The only facts of which the general term is authorized to make a statement, under section 333 of the Code, are those uncontroverted or conceded on the trial.

Appeal from a judgment.

This action was brought by John Purchase against Mahlon Mattison and John B. Mattison, upon two checks for two hundred dollars each, drawn by the defendants upon a bank in New York city.   The answer was, that the checks were obtained by one Zolinger from the defendants by fraud, and under an agreement that was not performed, and that plaintiff took them

without consideration and with knowledge. At the trial, various exceptions were taken by each party to the rulings of the court upon the admission and rejection of testimony. Upon the trial, the judge stopped the defendants' evidence as to the inability of Zolinger to recover on the checks. The plaintiff's testimony showed that Zolinger paid these checks and $315 in cash to plaintiff on a previous indebtedness, and that the cash and checks were received in absolute payment: evidence was offered on behalf of the defendants to impeach plaintiff's good faith in the transaction. The judge directed a verdict for the plaintiff, subject to the opinion of the court at general term. The general term made up a statement of facts and of their conclusions of law, and directed judgment for the plaintiff. The defendants appealed to the Court of Appeals.

*John Graham*, for the appellants.—I. The court had no power to order a verdict subject to the opinion of the general term: this was a mistrial. The course pursued grew out of the former practice. It amounted to this: that wherever the judge, on the trial, thought the general term would make the best jury, he had the power of decreeing accordingly. (Cobb *a.* Cornish, 16 *N. Y.*, 602.)

II. It is evident that the checks were designed for a specific purpose, a specific object, and had a specific character: they were diverted from the use for which they were designed. (Murray *a.* Burling, 10 *Johns.*, 172; Decker *a.* Mathews, 12 *N. Y.*, 313.)

III. The debt for which the checks were passed away was due; the agreement with Zolinger was inoperative against the defences to the check, because founded on no consideration. (Boyd *a.* Cummings, 17 *N. Y.*, 101; Youngs *a.* Lee, 12 *Ib.*, 551.)

*John W. Edmonds*, for the respondent.—I. There was no evidence that plaintiff knew what the checks were given for, or that the executory contract on which they were given had not been performed, nor any evidence even calculated to put him on inquiry. The checks were therefore good in his hands. (Davis *a.* McCready, 17 *N. Y.*, 230; Cameron *a.* Chappel, 24 *Wend.*, 94; Dows *a.* Schutt, 2 *Den.*, 621.)

II. There was no diversion of these checks by Zolinger.

III. Plaintiff was a *bona-fide* holder of the checks without notice of any equities between the defendants and Zolinger. 1. The checks were given and received in absolute payment. 2. The checks were business paper in the hands of Zolinger. (Cram *a.* Hendricks, 7 *Wend.*, 569; Cameron *a.* Chappel, 24 *Ib.*, 94; Seneca County Bank *a.* Neass, 3 *N. Y.*, 442.) 3. They were, at all events, good in the plaintiff's hands, because he parted with value in discharging Zolinger's debt.

IV. Plaintiff having taken the check of a third person in payment of Zolinger's debt, absolutely discharged Zolinger, and thus parted with value. (Wiseman *a.* Lyman, 7 *Mass.*, 286; Bank of St. Albans *a.* Gilliland, 23 *Wend.*, 311; Bank of Sandusky *a.* Scoville, 24 *Ib.*, 115; Bank of Salina *a.* Babcock, 21 *Ib.*, 499; Farrington *a.* Frankport Bank, 24 *Barb.*, 554.)

By the Court.—Wright, J.—There was plainly a mistrial. The judge trying the cause directed a verdict for the plaintiff, subject to the opinion of the court at the general term. This was really what was done. It was not a case where exceptions were taken, and instead of going to the special term the judge directed them to be heard in the first instance at the general term, and in the mean time suspended judgment. The defendants had taken various exceptions to the rulings of the judge, rejecting evidence offered by them; and the facts entitling the plaintiff to recover, if at all, were controverted. The defendants had the right to have the questions raised by their exceptions considered upon an application for a new trial if the verdict was against them; and unless an uncontroverted state of facts was presented, involving only questions of law, the judge at the trial had no authority to direct a verdict subject to the opinion of the court at general term. The effect of the order was to deprive the defendants of an opportunity of having their exceptions considered either at special or general term, and to have the general term, and not the jury, from the evidence find the facts upon which the questions of law arose. The general term did substantially find them in this case, and upon such finding came to the legal conclusion that the plaintiff was a holder of the checks for value, so as to be entitled to recover upon them, and rendered judgment in his favor.

There are but two cases when the general term can, before

judgment, and in the first instance, review the proceedings upon the trial. One is, when the judge trying the cause directs the exceptions of the unsuccessful party to be heard in the first instance at the general term; the other, when there are no exceptions taken in the progress of the trial upon any questions of evidence, and the facts upon which the questions of law arise are uncontroverted. In the former case, the general term either grants a new trial or renders final judgment. In the latter case, it renders final judgment in favor of either of the parties who, upon the conceded state of facts, is legally entitled to it.

When the general term renders judgment upon a verdict subject to the opinion of the court, for the purpose of a review here, the questions or conclusions of law, together with a concise statement of the facts upon which they arose, are to be prepared by and under the direction of the court, and are to be deemed part of the judgment-roll (*Code*, § 333), and we may review the question of law involved in the rendition of the judgment in the same manner and with the like effect as if exceptions had been taken at the proper time (*Ib.*, § 265). It is not contemplated that there is to be a finding of facts from the evidence by the court at general term, and the only statement of facts that the court is authorized to make are those uncontroverted and conceded on the trial. It was necessary in this case, before the question of law, whether the plaintiff was entitled to recover, could arise, that the fact should be ascertained and found by the jury, the only tribunal competent to find out that the checks were taken by the plaintiff without notice of the purpose for which they were delivered to Zolinger, for absolute payment and extinguishment of Zolinger's debt. But this question was withdrawn from the consideration of the jury, and the fact substantially found by the court, and on which they predicated their conclusion of law, that the plaintiff was a holder of the checks for value so as to be entitled to recover. If we are, therefore, to review questions of law arising in this case, it must be, not upon a state of facts conceded on the trial, but found from the evidence by the court. The judge trying the cause has only authority to direct a verdict subject to the opinion of the court at general term, and the general term to render judgment, when upon the trial the case presents only questions of law.

I think there was a mistrial, and for that reason the judgment should be reversed and the case sent down for another trial. It is true that the defendants' counsel did not object to the disposition of the case made by the judge who tried it; but that cannot cure the irregularity, or give vitality to an unauthorized order. Besides, we can review only questions of law arising upon facts uncontroverted or found by the jury.

The judgment should be reversed, on the ground of a mistrial.