McCunn, J.
We are clearly of opinion that the plaintiff should recover.
It is obvious to remark, that the instruments of the 5 th and 6th of December, 1866 (exhibits E, F, and G-), were conceived in apprehension of the present action, and were contrived to evade the claim in controversy. Whether they be effectual to accomplish the object in view, depends on the determination of the following points:
*244 1. Does a covenant for rent run with the land, or is it a merely personal engagement ? That it is a real as distinguished from a personal covenant, and that it attaches to the estate instead of subsisting in privity of contract, was among the resolutions in Spencer’s case, 5 Reports, 16, and has since been recognized as a fundamental principle by every court in which the system of English jurisprudence is administered. That a covenant for rent runs with- the land is an axiom of law, and neither argument nor authority is essential to its support.
2. Was the $12,000 “ bonus,” agreed to be paid to William Wake by Abbey, Sturdevant & Co., rent, in the technical sense of the word ? Bent is the recompense for the use and occupancy of lands; and it signifies nothing how or when that recompense may be rendered and received. It may be rendered in services, in goods, or in money. It may be fixed by the contract of lease, or its amount may be ascertained by some subsequent event. It may be payable by stated instalments, or it may be paid in a gross sum at the inception of the tenure.
Its essential characteristic, as rent is, that it be a recompense for the use and occupancy of land. Bow, when Abbey, Sturdevant & Co. agreed “to take” of William Wake “a lease of Bo. 182 Eulton street,” and to pay him $12,000 for the privilege of talcing, occupying, and enjoying those premises, there was essentially a contract of lease and a reservation of rent; and the substantial nature of the recompense stipulated for the use and possession of the land, cannot be changed by calling it a “ bonus.” The definitions of law are strictly inquiries, and have reference, not to names, but to properties. What recompense did Abbey, Sturdevant & Co. render to William Wake for the use and occupancy of the premises? The annual tribute of $1,000 only? Or, did they pay him, besides, the gross sum of $12,000 ? And for what was this $12,000 agreed to be paid, if not for the use and occupancy of the premises ? Bor, except the use and occupancy of the premises, was there any consideration for the ’ payment-of the $12,000 ? On the other hand, what compensation di d William W alee exact -for the lease of the premises ? Only *245 $1,000 a year % Or did he demand an additional sum of $12,000 ? The entire amount agreed to he paid William Wake for the use and occupancy of the premises, constituted the rent reserved for the use and occupancy of the premises; and it is still vent, though $12,000 be sequestered from other payments, and arbitrarily distinguished as a “ bonus.”
3. Did the defendant, William Wake, hold by under-lease or by assignment ? and this is the principal contention in the case. The distinction between an under-lease and an assignment is elementary and substantial. An under-lease vests only a partial estate in the second lessee, a reversion being left in his lessor; whereas, an assignment transfers the whole interest of the first lessee to the assignee. The test is, whether the grantee leaves a reversionary interest in the lessor, or operates a transfer of his entire term % In the one event, it is a sub-lease ; in the other,. an assignment. The essential nature of the conveyance is not effected by the particular words employed, and though the in strument purport to be a lease of demise, it is still an assign ment, if the lessor part with the totality of his interest. In the case under adjudication, the original lessee, John P. Wake, transferred his entire term to the defendant, William Wake, and the defendant, William Wake, took and held the premises as assignee. As assignee, the defendant, in privity of estate, is bound by the covenants that run with the land. This was the rule laid down in the case of Williams v. Earle, decided last month in the Queen’s Bench, and reported in New York Transcript of 15th of May, 1869. The covenant for rent runs with the land, and the defendant is liable to the plaintiff on the original lessees’ agreement to pay the plaintiff one half the excess over a thousand dollars a year which the premises “ yielded,” or for which-they rented at any time during the continuance of the term. Besides the annual instalment, the premises yielded the gross sum of $12,000, payable in three equal instalments, one of which, $4,000, was paid the defendant by Abbey, Sturdevant & Co., and of that sum plaintiff is entitled to a moiety.
Judgment should be entered on the verdict in favor of the plaintiff.