## N. Y. SUPERIOR COURT.

RODNEY I. MASON, plaintiff, agt. PATRICK BRESLIN, impleaded, &c., defendant.

Plaintiff's exception to a nonsuit ordered at the trial before the court and a jury may be ordered to be heard at general term in the first instance.

The cases in which the proceedings upon a trial before a court and jury can be reviewed at a general term in the first instance, and before judgment, stated, and the practice relating thereto explained.

In an action for rent due upon a written lease executed by two of four defendants named in the complaint, parol proof offered by plaintiff of the existence of an understanding between him and all the defendants, to the effect that the lease should be executed by the first-named two defendants for the benefit of a copartnership to be formed between all the defendants, which partnership was subsequently formed, is not admissible for the purpose of fastening an original liability under the lease upon all the defendants.

A defendant will not be held liable for rent as equitable assignee of a lease, upon the ground of the privity of estate existing between him and the lessor, unless charged as such in the action.

*General Term, February,* 1870.

*Before* BARBOUR, C. J., McCUNN *and* FREEDMAN, *JJ.*

THE action was brought to recover a balance for rent due upon a lease under seal. The defendant Breslin, by separate answer, denied each and every allegation contained in the complaint.

Upon the trial it appeared, before plaintiff rested his case, that the lease bore date the 17th day of October, 1868, and was executed by the plaintiff to the defendants, Thomas J. Stevens and Moses Isles; that the term was to commence on the 20th day of October, 1868, and to end on the first day of May, 1872.

It further appeared that subsequently articles of copartnership were entered into between the defendants, Thomas

J. Stevens, Moses Isles, Joseph Martin, and Patrick Breslin, bearing date October 20, 1868, and executed October 30, 1868, whereby a copartnership was formed between the four parties named therein, which was to commence on the 20th day of October, 1868, and to continue until May 1, 1872. By these articles it was agreed that Breslin was to supply all the funds necessary for the purposes of the co-partnership; that he should have the entire and exclusive management of the financial department; that Isles, Stevens and Martin were to supply the lease above described; that all rents and expenses, however, should be equally discharged and all profits and losses equally divided between the partners. The firm, so composed, occupied the premises described in the lease during the period for which rent was claimed. Plaintiff proved the amount of rent due under the lease; that the lease was made out before the formation of the copartnership, but not delivered until afterwards, and that the defendant Breslin had promised to pay the rent.

The following questions were propounded to the plaintiff, on his direct examination:

" Was it agreed between you and these defendants that Mr. Breslin should be in the concern ?"

" Did he ever say anything to you about his being a tenant in the premises ?"

These questions were severally objected to by the defendant, and excluded by the court. Plaintiff excepted.

The plaintiff thereupon offered to prove that it was the understanding between the plaintiff and the defendant Breslin that the lease should be taken in the name of Stevens and Isles, for the benefit of the copartnership composed of the defendants.

The court excluded the evidence and plaintiff excepted.

Plaintiff having rested, defendant moved for a dismissal of the complaint, which motion was granted. Plaintiff excepted, and a formal order was thereupon drawn up and

entered, which, after setting forth the title, &c., reads as follows :

"This case coming on for trial before the court and a jury, and a motion being made by Freling H. Smith, of counsel for the defendant Breslin, that the complaint herein be dismissed, it is ordered that said motion be granted, subject to the opinion of the general term on a case and exceptions to be made by the plaintiff, the same to be heard in the first instance at general term," &c., &c. Plaintiff excepted.

The order also directed a stay of proceedings until the decision at general term.

TAYLOR & ANDREWS, *attorneys for plaintiff.*
FRELING H. SMITH, *attorney for defendant.*

*By the court,* FREEDMAN, J.—It has been settled by a long series of decisions that there are but two cases in which the proceedings upon a trial before a court and jury can be reviewed at a general term in the first instance, *before* judgment.

One is where the unsuccessful party desires to move for a new trial upon exceptions taken by him upon the trial, and the trial judge directs that such motion upon said exceptions be heard in the first instance at a general term, and that the entry of judgment be suspended until the decision of the general term. In such case the exceptions must be there heard in the first instance, and judgment there given under section 265 of the Code. Upon such hearing no question of fact can be discussed, nor the point that the verdict of the jury is against the weight of evidence (*Hotchkiss* agt. *Hodge* 38 *Barb.,* 118). If the exceptions are sustained, the general term will grant a new trial; if overruled, render final judgment.

The other case is, where, upon the trial, an uncontroverted state of facts is presented, involving only questions

of law, without exceptions on either side to the reception or rejection of evidence, and the trial judge directs a verdict subject to the opinion of the court at a general term (*section* 265). In form, the verdict may be directed in favor of one party or the other, and it is quite immaterial which. The only effect of rendering the verdict in favor of a party is, that it devolves on him to prepare the case upon which the general term is to render judgment (16 *N. Y.*, 605). Such a verdict suspends the entry of judgment until the decision at general term ( *Gilbert* agt. *Beach*, 16 *N. Y.*, 608 ; *Roosa* agt. *Snyder*, 12 *How.*, 286). Application for judgment must be made at general term, and upon such application the question to be decided is never whether a new trial shall be granted, but which party, upon the conceded state of facts, shall have *final* judgment. The facts must be undisputed or specially found by the jury, for the general term in such case has no right of itself, to deduce facts from disputed or uncertain evidence ( *Cobb* agt. *Cornish*, 16 *N. Y.*, 205, *S. C.*, 6 *Abb.*, 129 ; 15 *How.*, 407 ; *Gilbert* agt. *Beach*, 16 *N. Y.*, 608 ; *Purchase* agt. *Matteson*, 25 *N. Y.*, 211, *S. C.*, 15 *Abb.*, 402 ; *Havemeyer* agt. *Cunningham*, 8 *Abb.*, 1 ; *Beebe* agt. *Ayres*, 28 *Barb.*, 283 ; *Whittaker* agt. *Merrill*, 28 *Barb.*, 526 ; *Sackett* agt. *Spencer*. 29 *Barb.*, 188 ; *Bell* agt. *Shipley*, 33 *Barb.*, 614 ; *Porter* agt. *Shepeler*, 2 *Bosw.*, 188 ; *Brown* agt. *Orser*, 2 *Bosw.*, 365 ; *Chambers* agt. *Grantzen*, 7 *Bosw.*, 414 ; *Purchase* agt. *New York Exchange Bank*, 10 *Bosw.*, 564).

In the case under consideration the order made at the trial term was drawn up in a very objectionable form, but is in effect an order directing that the exceptions be heard at general term in the first instance, and must be considered and treated as such. The position assumed by the plaintiff on the argument, that the order is unauthorized for the reason that exceptions were taken by him to the exclusion of evidence, is, therefore, untenable. An objection upon this ground, as above shown, holds good only in a case

where a *verdict* has been directed, subject to the opinion of the court at general term. Nor is there any merit in the point discussed by the plaintiff, that a trial judge cannot nonsuit a plaintiff and order plaintiff's exception to such ruling to be heard in the first instance at a general term, and that such disposition of the case amounts to a mistrial, for which reason a new trial should be ordered. The decision to this effect of the supreme court in *Hoagland* agt. *Miller* (16 *Abb.*, 104), was subsequently reversed by the same court in *Lake* agt. *The Artisans' Bank* (17 *Abb.*, 237), and by the court of appeals in *Huntingdon* agt. *Claflin* (38 *N. Y.*, 182).

Section 265 of the Code contains no limitation restricting the exceptions which may be directed to be heard at general term in the first instance, to a particular class taken at the trial. An exception to the granting of a motion for a nonsuit or dismissal of the complaint stands upon the same footing as an exception taken by the plaintiff to the judge's rulings in the admission or rejection of evidence, and where the judge at the same time directs a suspension of the entry of judgment, the exception to the order of dismissal is not an exception to the final judgment or decision of the action, for such final disposition of the case is made by the general term, if the exceptions are overruled. In such case all the exceptions will be heard together at general term.

The order dismissing the complaint operates as a dismissal against the defendant Patrick Breslin only, and can in no wise prejudice plaintiff's rights against the other defendants, who have not appeared in the action.

Having disposed of the questions of practice involved in this case, I will now consider the questions presented by the exceptions taken at the trial.

The provisions of the second title of chapter VII. of part II. of the Revised Statutes, entitled "of fraudulent conveyances and contracts, relative to goods, chattels, and things in action" (3 *Rev. Stat., 5th ed.* 221), have no application to contracts concerning lands or any interest there-

Mason agt. Breslin.

in (*Young* agt. *Dake*, 1 *Seld.*, 463; *Taggard* agt. *Roosevelt*, 2 *E. D. Smith*, 100, *S. C.*, 8 *How.*, 141).

Such contracts are regulated by the first title of the same chapter, which is entitled " of fraudulent conveyances and contracts, relative to lands" (3 *Rev. Stat.*, 5th ed. 219), and section 8 of this title provides, that " every contract for the leasing of a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made." Under this section it is not necessary that the promise of the purchaser or lessee should be in writing (*Thomas* agt. *Dickinson*, 12 *N. Y.*, 364, *reversing* 14 *Barb.*, 90).

As a general rule one who is neither described as a party to a written contract, nor executes it, cannot be sued thereon. There must be a privity of contract. Under this rule, which binds a man to do as he has agreed, a covenantor is liable upon his covenant precisely as upon any other contract. But in regard to contracts concerning real property a further rule exists, which, when applicable, makes third persons personally liable. It applies usually in the case of a covenant running with the land, whenever there is a privity of estate between the parties, and especially to contracts of lease or demise. Such privity of estate, although not existing between a lessor and under-tenant, exists between a lessor and the assignee of the lessee, who has acquired by assignment the whole estate which the lessee had in the premises. In a case of this description the contract comes to the assignee by force of the assignment, and makes him liable to fulfil all the stipulations and covenants contained on the part of the lessee in the original lease, which run with the land as a burden. An agreement to pay rent is a covenant of this kind (*see Constantine* agt. *Wake*), argued at a general term of this court held in March, 1869, and cases there cited.

It has also been repeatedly held by this court that the equitable assignee of a lease, who as such has entered into possession and occupied the demised premises, is liable for the rent accruing during such occupancy (*Astor* agt. *Lent*, 6 *Bosw.*, 112; *Morton* agt. *Pinckney*, 8 *Bosw.*, 135).

Such assignment may be established by presumptive evidence which remains unexplained and uncontradicted. In the absence of any evidence of the agreement under which parties entered into the possession of demised premises, subsequent to the lessees, if it is shown that they occupied during the whole of the unexpired term of the lease, the fair presumption is that they entered for the whole of such unexpired term ; and as such an intereit is given, not by an underlease, but by an assignment, the presumption must be that the occupants are in as assignees and not as under-tenants (*Bedford* agt. *Terhune*, 30 *N. Y.*, 453).

. But, on other hand, an action at law for the recovery of rent due upon a lease cannot be maintained against a defendant in the occupation of the demised premises and charged as assignee, when, upon the trial, such defendant rebuts the presumption of an assignment arising from the fact of his occupation by positive proof, that in point of fact no assignment of the lease was ever made to him and that consequently no legal estate became vested in him. In such case plaintiff must seek his remedy in equity (*Quackenboss* agt. *Clarke*, 12 *Wend.*, 555; *Astor* agt. *Lent*, 6 *Bosw.*, 617).

According to these decisions the proof introduced by plaintiff upon the trial of this action might probably be held sufficient to charge the defendants, Breslin included, as equitable assignees of the lease in the first instance, and in this aspect of the case the evidence offered, but excluded, might probably be admissible for the purpose of showing that it was the intention of all the defendants from the very beginning that their firm, when formed, should become such equitable assignees. But the evidence excluded was not offered for any such purpose, nor did the complaint contain

Mason agt. Breslin.

an averment of an assignment of any kind. Plaintiff did not proceed against the defendant Breslin upon any such theory, but attempted to fasten upon Breslin an *original* liability by parol proof, that an understanding existed between him and Breslin, to the effect that the lease should be taken in the name of Stevens and Isles, for the benefit of the copartnership to be formed by all the defendants. This he could not do. There are some cases, it is true, in which it has been held that where a written contract has been fully executed, so that, *irrespective of the writing*, an action may be maintained against a party who has had the benefit of the contract, such party may under certain circumstances be held liable. Where the action, however is based upon the *writing itself*, as in the present case, a plaintiff cannot travel outside of it, or contradict or alter it by parol proof, and consequently cannot recover against a party not named in the writing. (*Fenly* agt. *Stewart*, 5 *Sandf.*, 101; *Williams* agt. *Christie*, 10 *How.*, 12.)

It is equally clear that plaintiff cannot recover in this action for use and occupation under the statute, 3 *R. S.*, 5th *ed.*, 37, § 20, for that applies only to cases where the relation of landlord and tenant had subsisted by some agreement not under seal.

The plaintiff having failed to move for and to obtain leave to amend his complaint by the insertion of proper averments, charging defendants as assignees of the lease, cannot now be permitted to insist that the rulings of the learned judge presiding at the trial were erroneous.

Plaintiff's exceptions must be overruled and judgment ordered for defendant, dismissing the complaint.

BARBOUR, C. J.—I concur.

McCUNN, J.—I concur.