## SUPREME COURT.

### WILSON agt. ROBINSON.

A justice of the peace, before he is authorized to issue a warrant for the arrest of a person, must be satisfied upon the examination on oath of the complainant, that a *criminal offence* has been committed. And in the warrant, the accusation must be recited.

Where the answer to an action for false imprisonment, set out that the complainant counted out some money upon a desk, which he intended to pay to defendant, upon defendant's giving him a receipt therefor, which money the defendant suddenly took up and carried away, the complainant forbidding him, unless he gave a receipt, which was not given, *held*, on demurrer to the answer, that the justice of the peace had no authority or jurisdiction to issue a warrant for the arrest of the defendant. It did not appear that any criminal offence had been committed.

*Columbia Special Term, January* 1851. *Demurrer to defendant's answer.* The action is brought for false imprisonment. The answer contains two grounds of defence. 1. The denial of the material allegations of the complaint; and 2. That the defendant had made a complaint to a justice of the peace, upon oath, stating, in substance, that he had been called upon by the plaintiff, who had requested of him a certain sum of money, for which he was to execute to the defendant, *as the defendant supposed*, a receipt, expressing the receipt by him of the money, to the amount of $131·30; that the defendant had counted out $81 in cash, and had drawn his check for $50, upon the Hudson River

Bank, and while he was proceeding to count out the remaining sum, and while the $81 of cash was lying upon the defendant's desk, the plaintiff proceeded to take the same, and, although the defendant forbade his taking it until he had executed the receipt, he did, in defiance of the defendant, and contrary to his express command, take and carry away the money and check, and refused to give a receipt therefor; that upon the making of this complaint the justice issued a warrant, directing any constable of the county forthwith to arrest the plaintiff and bring him before the justice; and that, by virtue of such warrant, the plaintiff was arrested by an officer duly authorized to execute the same, and that this is the same act complained of by the plaintiff.

To the latter defence the plaintiff demurred for insufficiency, stating as the grounds of demurrer, that it did not appear by the answer that it had been charged upon oath before the justice, that any crime had been committed by the plaintiff, or that there was any intent on the part of the plaintiff to commit a crime; and 2, that the affidavit, set out in the answer, does not show either the commission of a crime, or any intent to commit a crime.

M. PECHTEL, *for Plaintiff.*

E. P. COWLES, *for Defendant.*

HARRIS, Justice.—It was not the intention of the framers of the Code, that a demurrer should be allowed to any pleading except the complaint. On the contrary, it was their purpose to confine the remedy of the parties against insufficient pleadings subsequent to the complaint, to a motion to strike out irrelevant or redundant matter. But in the revision of the Code, which was made in 1849, a demurrer was made applicable to other pleadings; whether wisely or not it may not be useful now to inquire. The effect of this change, in practice, certainly is, to produce in many instances, two hearings of the same case, when all the questions might as well, perhaps, have been disposed of at a single trial. Under the amended Code the plaintiff may demur to any one or more of the defences set up in the answer, stating in his demurrer the grounds thereof, and this demurrer, unless

otherwise ordered by the court, must be disposed of before any issue of fact in the case can be tried. In the case under consideration, there is an issue of fact to be tried, involving the merits of the controversy. The question presented by this demurrer might well have been disposed of by the court upon the trial of that issue, and thus the delay and expense of two trials, have been avoided.

The demurrer presents for decision the sufficiency of the defence set up by the defendant, founded upon the proceedings before the justice, upon which a warrant was issued for the arrest of the plaintiff. It is provided by law that whenever complaint shall be made to a magistrate, that a criminal offence has been committed, it shall be his duty to examine the complainant, on oath, and any witnesses who may be produced by him; and if, from such examination, it shall appear that any criminal offence has been committed, he shall issue a warrant, reciting the accusation, and commanding the officer to whom it shall be directed, forthwith to take the person accused of having committed such offence, and to bring him before such magistrate, to be dealt with according to law (2 *R. S.* 706, § 2, 3. To give the magistrate jurisdiction there must be a complaint that an offence has been committed. The party making the complaint must be examined, upon oath, and from such examination it must appear, to the satisfaction of the magistrate, that a criminal offence has been committed. Then, and not until then, he acquires jurisdiction of the matter, so as to authorize the issuing of a warrant for the arrest of the person accused of having committed the offence, in which warrant the accusation must be recited. In this case, there seems to have been an entire absence of all these elements of jurisdiction. The affidavit, upon which the proceedings were based, does not show that a criminal offence had been committed, nor does it appear that any one pretended that such an offence had, in fact, been committed. It does not appear that the justice was satisfied that any such offence had been committed, or that the plaintiff was accused of any criminal offence, either before the justice, or in the warrant issued by the justice.

Upon this state of facts, I must hold that the arrest was without jurisdiction, and, of course, that the defence to which this demurrer is taken, is insufficient. Judgment must, therefore, be entered for the plaintiff upon the demurrer, with liberty to the defendant to amend upon payment of costs.