By the Court. Moncrief, J.
—A material, • if not the pnly or most important question arising upon the issue and the evidence adduced on the trial of this action, was whether the sale of the schooner by the captain, and its purchase on behalf of the defendant, were made under circumstances which, in fact and judgment of law, would warrant such sale and carry a title to such purchaser.
All the cases admit that it is not sufficient that the sale was bona fide and intended for the benefit of all concerned; it must have been necessary. (Parson's Mer. Law, 375.)
In Somes v. Sugrue, (4 Car. & Payne, 276,) it was said : Undoubtedly the word “ necessity” is not to be confined to-, or so strictly taken as it is in its ordinary acceptation. There can, in such a case, be neither a legal necessity nor a physical necessity, and therefore it must mean a moral necessity; and the question will be whether the circumstances were such that a person of prudent and sound mind could have no doubt as to the course he ought to pursue. The point principally for consideration will be, the expenditure necessary to put the ship into a condition to bring home her cargo, the means of performing the repairs, and the comparison between these two things and the subject matter which was at stake; and it must not be a mere cast, not a matter of doubt in the mind, whether the expense would or would not have exceeded the value; but it must be so preponderating an excess of expense that no reasonable man could doubt as to the propriety of selling, under *417 the cirpumstances, instead of repairing. (Rogers v. Murray, 3 Bosw. 357.)
The master can sell the ship only in cases of extreme and urgent necessity; that is, only when it seems in all reason impossible to save her, and a saléis the only way of preserving for the owners or insurers, any part of her value. Actual necessity, not the pretence of its existence by the master, must exist. (Pars. Mer. Law, 375, 376 ; 4 Wend. 52.) Such a necessity (the captain acting morally), creates an exception, and will excuse his departure from, the original duty cast upon him of navigating and bringing home his vessel. (Abbott on Ship., 4th ed. 243.) In the case of the ship Lady Banks, Cannan v. Meaburn, (1 Bing. 243,) it was submitted to the jury to find :
1st. Whether the master appeared to have acted, according to the best of his judgment.
2d. Whether the sale was conducted fairly and honestly.
3d. Whether there was a necessity for the sale of the ship.
In 8th Taunten, 155, the jury found that the master had acted throughout the whole transaction fairly and bona fide for the benefit of all concerned, and that the sale ‘was honestly, fairly and properly conducted, and directed with a view to the interests of all parties concerned. The court called upon counsel to point out how it appeared by the special verdict that the sale was necessary, and after hearing some observations from him to show that the necessity was to be inferred from the finding of the jury, expressed a clear opinion that the necessity did not appear, and awarded a venire de novo for the purpose of tryingwhether it existed or not.
The general term of this court, in Brower v. Orser, (2 Bosw. 357,) held it was irregular to take a verdict subject to the opinion of the court at general .term, when there are facts to be settled upon contradictory or doubtful testimony, and that the general term has no right of itself, to deduce facts •from evidence in order to found a judgment. (3 Bosw. 360 ; 16 N. Y. R. 602, 608.)
*418 • If then the finding of facts, before alluded to, was material, and none appears in the' case, and the case in that respect was withdrawn from the jury, it follows that a new trial must be granted.
In the view taken, it is unnecessary to discuss the other questions raised at the argument.
A new trial ordered with costs to abide the event.