By the Court:

Freedman, J.
It has been settled by a long series of decisions that there are but two cases in which the proceedings upon a trial before a court and jury can be reviewed at a General Term in the first instance, before judgment.
One is where the unsuccessful party desires to move for a new trial upon exceptions taken by him upon the trial, and the judge directs that such motion upon said exceptions be heard in the first instance at a General Term, and that the entry of judgment be suspended until the decision of the General Term. In such case the exceptions must be there heard in the first instance, and judgment there given under section 265 of the Code. Upon such hearing no question of fact can be discussed, nor the point that the verdict of the jury is against the weight of evidence (Hotchkiss v. Hodge, 38 Barb., 118). If the exceptions are sustained, the General Term will grant a new trial; if overruled, render final judgment.
The other case is, where, upon the trial, an uncontroverted state of facts is presented, involving only questions of law, without exceptions on either side to the reception or rejection of evidence, and the judge directs a verdict subject to the opinion of the court at a General Term (section 265). In form, the verdict may be directed in favor of one party or the other, and it is quite immaterial which. The only effect of rendering the verdict in favor of a party is, that it devolves on him to prepare the case upon which the General Term is to render judgment (16 N. Y., 605). Such a verdict suspends the entry of judgment until the decision at General Term (Gilbert v. Beach, 16 N. Y., 608; Roosa v. Snyder, 12 How., 286). Application *391 for judgment must be made at General Term, and upon such application the question to be decided is never whether a new trial shall be granted, but which party, upon the conceded state of facts, shall have final judgment. The facts must be undisputed or specially found by the jury, for the General Term in such case has no right, of itself, to deduce facts from disputed or uncertain evidence (Cobb v. Cornish, 16 N. Y., 205; 6 Abb., 129; 15 How., 407; Gilbert v. Beach, 16 N. Y., 608; Purchase v. Matteson, 25 N. Y., 211; 15 Abb., 402; Havemeyer v. Cunningham, 8 Abb., 1; Beebe v. Ayres, 28 Barb., 283; Whittaker v. Merrill, 28 Barb., 526; Sackett v. Spencer, 29 Barb., 188; Bell v. Shipley, 33 Barb., 614; Porter v. Shepeler, 2 Bosw., 188; Brown v. Orser, 2 Bosw., 365; Chambers v. Grantzen, 7 Bosw., 414; Purchase v. New York Exchange Bank, 10 Bosw., 564).
In the case under consideration the order made at the trial term was drawn up in a very objectionable form, but is in effect an order directing that the exceptions be heard at General Term in the first instance, and must be considered and treated as such. The position assumed by the plaintiff on the argument, that the order is unauthorized for the reason that exceptions were taken by him to the exclusion of evidence, is, therefore, untenable. An objection upon this ground, as above shown, holds good only in a case where a verdict has been directed, subject to the opinion of the court at General Term. Eor is there any merit in the point discussed by the plaintiff, that a judge cannot nonsuit a plaintiff and order plaintiff’s exception to such ruling to be heard in the first instance at a General Term, and that such disposition of the case amounts to a mis-trial, for which reason a new trial should be ordered. The decision to this effect of the Supreme Court in Hoagland v. Miller (16 Abb. Pr., 104) was subsequently reversed by the same court in Lake v. The Artisan’s Bank (17 Abb. Pr., 237), and by the Court of Appeals in Huntingdon v. Claflin (38 N. Y.,182).
Section 265 of the Code contains no limitation restricting the exceptions which may be directed to be heard at General Term *392 in the first instance, to a particular class taken at the trial. An exception to the granting of a motion for a nonsuit or dismissal of the complaint stands upon the same footing as an exception taken by the plaintiff to the judge’s rulings in the admission or rejection of evidence ; and where the judge at the same time directs a suspension of the entry of j udgment, the exception to the order of dismissal is not an exception to the final judgment or decision of the action, for such final disposition of the case is made by the General Term, if the exceptions are overruled. In such case all the exceptions will be heard together at General Term.
, The order dismissing the complaint operates as a dismissal against the defendant Patrick Breslin only, and can in nowise prejudice plaintiff’s rights against the other defendants, who have not appeared in the action.
Having disposed of the questions of practice involved in this case, I will now consider the questions presented by the exceptions taken at the trial.
The provisions of the second title of chapter seven of part two of the Revised Statutes, entitled “ Of fraudulent conveyances and contracts, relative to goods, chattels, and things in action ” (3 Rev. St., 5th ed., p. 221), have no application to contracts concerning lands or any interest therein (Young v. Dake, 1 Seld., 463; Taggard v. Roosevelt, 2 E. D. Smith, 100; 8 How., 141).
Such contracts are regulated by the first title of the same chapter, which is entitled “ Of fraudulent conveyances and contracts, relative to lands ” (3 Rev. St., 5th ed., p. 219), and section 8 «of this title provides, that “ every contract for the leasing of a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made.” Under this section it is not necessary that the promise of the purchaser or lessee should be in writing (Thomas v. Dickinson, 12 N. Y., 364, reversing 14 Barb., 90).
As a general rule, one who is neither described as a party to a written contract, nor executes it, cannot be sued thereon. There *393 must be a privity of contract. Under this rule, which binds a man to do as he has agreed, a covenantor is liable upon his covenant precisely as upon any other contract. But in regard to contracts concerning real property a further rule exists, which, when applicable, makes third persons personally liable. It applies usually in the case of a covenant running with the land, whenever there is a privity of estate between the parties, and especially to contracts of lease or demise. Such privity of estate, although not existing between a lessor and undertenant, exists between a lessor and the assignee of the lessee, who has acquired by assignment the whole estate which the lessee had in the premises. In a case of this description the contract comes to the assignee by force of the assignment, and makes him liable to fulfil all the stipulations and covenants contained on the part of the lessee in the original lease, which run with the land as a burden. An agreement to pay rent is a covenant of this kind (see Constantine v. Wake, argued at a General Term of this court held in March, 1869, and cases there cited).
It has also been repeatedly held by this court that the equitable assignee of a lease, who as such has entered into possession and occupied the demised premises, is liable for the rent accruing during such occupancy (Astor v. Lent, 6 Bosw., 112; Morton v. Pinckney, 8 Bosw., 135).
Such assignment may be established by presumptive evidence which remains unexplained and uncontradicted. In the absence of any evidence of the agreement under which parties entered into the possession of demised premises, subsequent to the lessees, if it is shown that they occupied during the whole of the unexpired term of the lease, the fair presumption is that they entered for the whole of such unexpired term; and as such an interest is given, not by an underlease, but by an assignment; the presumption must be that the occupants are in as assignees and not as undertenants (Bedford v. Terhune, 30 N. Y., 453).
But, on the other hand, an action at law for the recovery of rent due upon a lease cannot be maintained against a defendant in the occupation of the demised premises and charged as assignee, *394 when, upon the trial, such defendant rebuts the presumption of an assignment arising from the fact of his occupation by positive proof that, in point of fact, no assignment of the lease was ever made to him, and that consequently no legal estate became vested in him. In such case plaintiff must seek his remedy in equity (Quackenboss v. Clarke, 12 Wend., 555; Astor v. Lent, 6 Bosw., 617).
According to these decisions the proof introduced by plaintiff upon the trial of this action might- probably be held sufficient to charge the defendants, Breslin included, as equitable assignees of the lease in the first instance; and in this aspect of the case the evidence offered, but excluded, might probably be admissible for the purpose of showing that it was the intention of all the defendants from the very beginning that their firm, when formed, should become such equitable assignees. But the evidence excluded was not offered for any such purpose, nor did the complaint contain an averment of an assignment of any kind. Plaintiff did not proceed against the defendant Breslin upon any such theory, but attempted to fasten upon Breslin an original liability by parol proof that an understanding existed between him and Breslin, to the effect that the lease should be taken in the- name of Stevens and Isles, for the benefit of the copartnership to be formed by all the defendants. This he could not do. There are some cases, it is true, in which it has been held that where a written contract has been fully executed, so that, irrespective of the writing, an action may be maintained against a party who has had the benefit of the contract, such party may under certain circumstances be held liable. Where the action, however, is based upon the writing itself as in the present case, a plaintiff cannot travel outside of it, or contradict or alter it by parol proof, • and consequently cannot recover against a party not named in the writing (Fenly v. Stewart, 5 Sandf., 101; Williams v. Christie, 10 How., 12).
It is equally clear that plaintiff cannot recover in this action for use and occupation under the statute (3 Rev. St., 5th ed., p. 37, sec. 20), for that applies only to cases where the relation *395 of landlord and tenant had subsisted by some agreement not under seal.
The plaintiff having failed to move for and to obtain leave to amend his complaint by the insertion of proper averments charging defendants as assignees of the lease, cannot now be permitted to insist that the rulings of the learned judge presiding at the trial were erroneous.
Plaintiff’s exceptions must be overruled and judgment ordered for defendant, dismissing the complaint.