By the Court.—Freedman, J.
The court below having ordered that plaintiff’s exceptions be heard at general term in the first instance, and that judgment be suspended in the mean time, no appeal lies from the mere’ verbal direction of the verdict. The whole case is removed to the general term for judgment under section 265 of the Code. If the exceptions are ..sus- • tained, a new trial must be ordered ; if overruled, the general term renders final judgment (Mason v. Breslin, 2 Sweeny, 386). ,
The verdict was properly directed for the defendant, because the complaint alleged nothing beyond a naked trespass on June 24, 1864, and the evidence showed, that at that time the sheriff not only held the goods in question, but that he also held an execution against the plaintiff, and because there was no evidence show *11 ing the final application of the proceeds of the sale. The levy under the attachment was a violation of plaintiff ’s rights at the time, in case Turner had no interest whatever in the property levied apon ; but the moment the execution issued upon the judgment of Charles White and others against Turner and the plaintiff was delivered to the. sheriff, "namely, June 7, 1864, the said property was bound for the amount of that execution without a levy (3 Rev. Stat. [5 ed.] p. 644, § 13). An actual levy is necessary only against a purchaser in good faith and without fiotice of the execution (Id. § 17). At common law the writ of fieri facias bound the goods of the debtor from the time when the writ was tested, which often preceded by a whole vacation the time of its delivery to the sheriff. This effect given to the writ by relation, often operated very unjustly, especially as against bona fide purchasers ; and to prevent that evil, the rule was changed by statute (Roth v. Wells, 29 N. Y. 489; Bond v. Willett, 1 Keyes, 384, per Davies, J.). The priority of executions and the application of the moneys realized from sales are also regulated by the Revised Statutes, and it makes no difference whether a sale takes place under the first or under a junior execution (Peck v. Tiffany, 2 N. Y. 451). But the executions must have been issued against the same defendant (3 Bev. Stat. [5 ed.] §§ 14, 15). Although, therefore, in case Turner had no interest whatever in the property in question, and a wrong application of the proceeds was finally made by the sheriff, Charles White and otjiers as execution creditors might have an action against the sheriff for a false return, and although upon the same facts, but coupled with proof of special damage, perhaps even the plaintiff might maintain an action on the case, yet under the complaint in this action which alleged nothing, beyond a naked trespass, plaintiff could not proceed as if his action had been on the case or for a false return. It is *12 only where the complaint sets forth facts sufficient to constitute a different action from the one intended to be pleaded, in addition to those which had to be pleaded to make out the latter, that the plaintiff, upon failure to prove the latter, may sometimes be permitted to recover upon • the former (Conaughty v. Nichols, 42 N. Y. 83). But even if the complaint in the case at bar was broad enough, which it is not, to authorize a recovery upon any such theory, in case of failure to prove prespass, the plaintiff could recover only upon proof of special damage. No such proof was given or offered.
The appeal from the direction of the verdict should be dismissed, with ten dollars costs ; plaintiff’s exceptions should be overruled and judgment absolute rendered for the defendant upon the verdict, with costs.
Curtis and Speir, JJ., concurred.