By the Court.—Sedgwick, J.
There can be no doubt that in this state many cases have considered it law, that when a contract not under seal has been made in writing by a person apparently acting on his own *342 behalf, his undisclosed principal may sue and be sued thereon, and although the contract was required by the statute of frauds to be in writing. The reason of this rule, and the exceptions to it and its limitations, have not been much discussed. Another class of cases have held, that when the cause of action depends upon the written contract, oral evidence can not vary it so as to charge a person who is not a party to it, by proof that he was the principal in fact of the party to it. The reasoning had in Fenley v. Stewart (5 Sandford Sup’r Ct. 101) to support this conclusion has not been, as far as I know, disapproved by any case in the court of appeals. But, in my view, it is not necessary for us 'to decide that these cases required a reversal of the present judgment, because, 1st, the judgment below must be sustained by authority applicable to this particular case ; 3nd, the reason of the rule that sustains an action against an unknown or unnamed principal upon a contract in writing made by his agent, apparently in his own behalf, and affecting personal property, fails in the case of a contract for the conveyance of real estate.
Townsend v. Hubbard (4 Hill, 351), in the court of errors, sustains the present judgment. That case, like the present, had regard to a contract for the sale of real estate, under seal. The contract stated that it was made between certain parties of the first part by their attorney, as vendors, and the parties of the second part. The contract ended: “In witness whereof, the said. Harvey Baldwin, as attorney of the parties of the first part, and the parties of the second part, have hereunto set their hands and seals,” &c., and was signed, “ Harvey Baldwin, (l. s.).” It was held that this was not the contract of the principal (althougii Harvey Baldwin was authorized by them to make a contract for them, and in their names under seal), so as to make a valid contract under the statute of frauds. The argument *343 of counsel called the attention of the court to the fact, that although the contract was under seal, yet it would have been valid without a seal; but the court’s decision implied that when the instrument was in fact sealed, no other part of the contract than the signature and seal could be looked to, to determine by whom it was made. The result of this decision, of course, forbids, in alike case, oral proof being given to show that although one person made the contract, so far as its contents were concerned, he in fact acted on behalf and as agent of another.
This gives great force to the fact of sealing, and a seal is often regarded as a mere form, having no intrinsic significance. It is not, however, a mere form, as the law stands, because if the contract were not under seal, an equitable action for its performance would cease after ten years, and an action at law based upon any promises to pay money contained in it would cease in six years. If it were sealed, there might be action upon some of its provisions during twenty years. It is not merely a formal rule that requires great certainty in regard to a cause of action that may last so long.
This case was not at all affected by Worral v. Munn (5 N. Y. 246). It was recognized as authority for the proposition that the contract was void within the statute of frauds, because it was not properly executed by the vendors or their agents. It was again referred to as establishing this in Burrell v. Root (40 N. Y. 496). In case of a contract not under seal, where the principal is named in the body, while it is signed by the agent individually, the contract has been inferred against the principal (Pinckney v. Hagadorn, 1 Duer, 89; Tallman v. Franklin, 14 N. Y. 584); but in Squier v. Norris (1 Lans. 282), in which, like our case, the contract did not refer to the principal, it was held that the principal was not bound. The cases already cited, and Williams v. Christie (4 Duer, 29), and Mason v. *344 Breslin (2 Sweeny, 386), call for t.he affirmance of the present judgment.
But, second, if we had no authority to guide us, excepting such cases as refer to personal property, I should be of opinion that they were not meant to govern contracts for the sale of real property, irrespective of any technical rule. In none of the cases that I know, has there been any attempt to enforce against a principal any obligation different from that described by the written contract. On the contrary, the funda mental position is, that the agent is the principal in legal effect, and that delivery to or performance by the agent is delivery to or performance by the principal. Again, the undisclosed agency was created orally or in writing. If the former, it is valid and not against the statute of frauds, so far as its form goes. If in writing, the law permits its performance according to its terms —that is, a man may take personal property to himself, so as to receive the title to and dominion over it, and yet the property be in fact another’s, for whom he in fact acts, whether the person making the transfer knows it or not. The principal receives the consideration and makes the obligation.
When, however, the contract is for the transfer of land, those propositions are not correct. The covenant is to deliver to Llewellyn P. Hurlburd a deed conveying the fee simple ; and the offer of proof was that the deed was made to Hurlburd and tendered to him, as agent and trustee for the defendant Partridge. This would not convey the property to, or give any interest in it to the defendant Partridge. The delivery of the deed to Hurlburd was not delivery to Partridge, in fact or in legal effect. The terms of the deed were conclusive as to that. Furthermore, the so-called agency was not made in writing, and Partridge could not compel Hurlburd, after receiving the title, to convey i,t to him. Where a man merely employs another person *345 by parol, as an agent to buy an estate, who buys it for himself, and denies the trust, and there is no written agreement, “he can not compel the agent to convey to him, 'as that would be directly in the teeth of the statute of frauds” (12 Sugden on V., 8th Am. ed., ch. 21, § 1, 15; Levy v. Brush, 45 N. 7. 589). Under our statu te it would be immaterial that the so-called principal furnished the agent to make the contract in the name of the latter, with a part or whole of the consideration money afterwards paid. Nor would the vendor in the contract have greater rights against the so-called principal, if the agency had been formed by a writing. The present case, and what we here say, refer to a contract in which the so-called agent appears as principal in all its parts. Such a contract could only be performed by the vendor by delivering or tendering a deed to the person named in the contract, i.e. the so-called agent. But, as we have noticed, the law makes it conclusive that the title goes to the grantee named in the deed, so that, as matter of fact, he can not receive it as simply an agent or representative of the so-called principal. It may be that if the power of attorney were in writing, as between two parties, the statute of frauds might be satisfied, so as to compel the agent to convey; but it would not be upon the ground that anything the vendor had done had vested the title in the principal, but would rest upon the promise or the contract obligation of the agent to convey, or upon the facts of the case that might create a trust saved by the statute. So, if the agency were created by writing, a vendor can say nothing more than that upon performance, the contract vendee will be bound to convey. It is not true that before that time—that, in fact, by force of legal principles—the vendee acts for his principal or stands in the place of his principal. The consequences of the agency being made in writing are, however, not under review, as the agency *346 was alleged by the plaintiff to have been created by words.
If we are correct, then : 1st, the so-called but unnamed principal, in a contract for the sale of land, on its performance receives and can receive no part of the consideration which the vendee receives, and which holds him; 3d, proof of the oral authority, for the purpose of showing that by virtue of it the title to the land would go to the so-called- principal, would be proof of a transaction void by the statute of frauds. In these respects such a contract is unlike a contract for the sale of personal property. Several other points of dissimilarity might be noticed, but perhaps without benefit.
Therefore, I think this judgment should be sustained. Having passed upon the merits, it is not necessary to examine, what is very doubtful, if the complaint or the offer of testimony assert that any tender of performance was made by the plaintiff.
The judgment appealed from is affirmed, with costs.
Speir, J., concurred.